UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| PROPERTY-OWNERS INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 1:15-cv-87-PPS-SLC |
| | ) | |
| VIRK BOYZ LIQUOR STORES, INC., | ) | |
| d/b/a KPC Liquor Stores, Inc.; KPC | ) | |
| LIQUOR STORES, INC., d/b/a Stein | ) | |
| Tavern; TERRY J. WOODS; and | ) | |
| DWAYNE E. RUSSELL, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This case was filed in this Court on April 15, 2015, based on diversity jurisdiction

pursuant to 28 U.S.C. § 1332(a). (DE 1). The complaint alleges that Plaintiff Property-Owners

Insurance Company is a Michigan corporation with its principal place of business in Michigan;

that individual Defendants Terry Woods and Dwayne Russell are each citizens of Indiana; and

that "Defendant Virk Boyz Liquor Stores, Inc., d/b/a KPC Liquor Stores, Inc., KPC Liquor

Stores, Inc. d/b/a Stein Tavern . . . is an Indiana corporation . . . with a principal place of

business in . . . Indiana." (DE 1 at ¶ 2).

The complaint, however, is inadequate because it fails to properly allege the citizenship

of the two non-individual Defendants. As the party seeking to invoke federal diversity

jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete

diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th

Cir. 1997).

First, the caption and introductory paragraph of the complaint identify two separate

entities, Virk Boyz Liquor Stores, Inc., and KPC Liquor Stores, Inc., but the diversity allegation

in paragraph 2 refers to just a singular entity. Such a diversity allegation, of course, is deficient

and must be amended.

Second, attachments to the complaint refer to "Virk Boyz Liquor Stores, LLC," rather

than Virk Boyz Liquor Stores, Inc., suggesting that Virk Boyz is a limited liability company, not

a corporation. (DE 1-3; DE 1-4; DE 1-5). This distinction is important because for purposes of

establishing diversity jurisdiction, a limited liability company's citizenship is different than that

of a corporation. Corporations "are deemed to be citizens of the state in which they are

incorporated and the state in which they have their principal place of business." *N. Trust Co. v.

Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (citing 28 U.S.C. § 1332(c)(1)). Conversely, a

limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the

citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

Therefore, if Virk Boyz is actually a limited liability company, the Court must be advised

of the identity of each of its members, and such member's citizenship. *Hicklin Eng'g, L.C. v.

Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *see generally Guar. Nat'l Title Co. v. J.E.G. Assocs.*,

101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and

citizenship(s)" of each partner for diversity jurisdiction purposes). Moreover, citizenship must

be "traced through multiple levels" for those members who are a partnership or a limited liability

company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment &

Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Accordingly, Plaintiff is ORDERED to supplement the record by filing an amended

complaint on or before June 1, 2015, that properly alleges each Defendant's citizenship.

SO ORDERED.

Enter for this 18th day of May, 2015.

s/ Susan Collins
Susan Collins,
United States Magistrate Judge
